UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT CROWE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01059-JPH-KMB |
| | ) |
| FLAHERTY & COLLINS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Robert Crowe, Jr. alleges that his former employer, Defendant Flaherty & Collins, Inc. ("F&C"), discriminated against him because of his age when it did not promote him and retaliated against him when it fired him for asking a question about compliance with the Fair Housing Act ("FHA"). F&C has filed a motion to dismiss, arguing that Mr. Crowe's age-discrimination claim is time-barred and that he fails to state a claim under the FHA. Dkt. [11]. For the reasons below, that motion is **GRANTED**.

## I.
## Facts and Background

Because Defendant has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *see Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

In November 2022, F&C hired Mr. Crowe as the assistant property manager at Carmel Woods Apartments. Dkt. 1 at 6. In July 2023, he inquired

1

about an open property manager position, but a "much younger individual" was hired instead.  *Id.*

In September 2023, Mr. Crowe "asked [the] Regional Manager whether we were following Fair Housing Policy by allowing a resident to bring a payment in past the due date/time" when other residents were not given the same opportunity.  *Id.*  Mr. Crowe was told to accept the late rent payment, and that the issue would "be discussed at another time."  *Id.*

In October, Mr. Crowe was written up, and he was terminated on December 8, 2023.  *Id.*

That's the extent of Mr. Crowe's allegations, so there's little known about the facts from the complaint.

After being terminated, Mr. Crowe filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that F&C had (1) discriminated against him because of his age when it did not select him for an open property manager position and (2) retaliated against him by firing him after he asked whether it was permissible under the FHA for F&C to accept a late rent payment from a tenant.  Dkt. 12-1 at 2.[1]  Mr. Crowe alleges that he

---

[1] F&C attached the EEOC charge form to the motion to dismiss.  Dkt. 12-1. "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim."  *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (quoting *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998)).  Such documents may be considered by the Court without converting the motion to dismiss into a motion for summary judgment.  *See id.*  As the EEOC Charge of Discrimination form is a document "referred to in the plaintiff's complaint and . . . central to his claim," the Court may consider it without converting the defendant's motion to dismiss into a motion for summary judgment.

filed this claim on December 8, 2023, dkt. 1 at 7, but the charge, which purports to have been digitally signed by Mr. Crowe, is dated March 10, 2024, dkt. 12-1 at 2.

Mr. Crowe filed this lawsuit on June 24, 2024, alleging that F&C violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA"), and the FHA, 42 U.S.C. §§ 3601–3619.  Dkt. 1 at 3, 5.

F&C has filed a motion to dismiss for failure to state a claim.  Dkt. 11.

## II.
## Motion to Dismiss Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In other words, a complaint "must allege 'enough details about the subject-matter of the case to present a story that holds together,'" *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021) (quoting *McCauley*, 671 F.3d at 616), "but it need not supply the specifics required at the summary-judgment stage."  *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

3

Under Rule 12(b)(6), the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616; *see Burwell*, 770 F.3d at 588–89.

### III.
### Analysis

#### A. ADEA

Mr. Crowe alleges that F&C violated the ADEA when it did not promote him to an open property manager position.[2] F&C responds that Mr. Crowe's ADEA claim is barred as untimely.

The ADEA prohibits employment discrimination because of age. 29 U.S.C. § 623; *see Baron v. City of Highland Park*, 195 F.3d 333, 340 (7th Cir. 1999). Before bringing an ADEA claim, a plaintiff must file a timely charge with the EEOC:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed . . . within 180 days after the alleged unlawful practice occurred.

29 U.S.C. § 626(d). If the EEOC dismisses the charge, the plaintiff may file a civil lawsuit within 90 days of receiving notice of the dismissal. 29 U.S.C. § 626(e).

---

[2] To the extent that Mr. Crowe intends to allege that his termination was also a violation of the ADEA, he has not pled any facts to support such a claim. Consequently, any such claim would fail as not plausible. *See Ashcroft*, 556 U.S. at 678.

Here, the only date that Mr. Crowe provides in his complaint with respect to his ADEA claim is July 2023—the date on which he alleges that he asked about the open property manager position. Dkt. 1 at 6 ("In July 2023 I inquired about the open property manager position at Carmel Woods Apts."). Although not alleged in the complaint, Mr. Crowe states in his EEOC charge that he learned that a younger individual was hired for the manager position on or around August 14, 2023. As Mr. Crowe is pro se, the Court also considers that statement in evaluating the complaint and the timeliness of his charge.

Under the ADEA, a person has 180 days from the date of the allegedly discriminatory incident to file a charge with the EEOC. 29 U.S.C. § 626(d)(1)(A). Here, Mr. Crowe's EEOC Charge shows that he digitally signed the charge on March 10, 2024. Dkt. 12-1 at 2–3. While he alleges in the complaint that he filed the charge on December 8, 2023, he did not respond to F&C's assertion that the charge was filed on March 10, 2024. Similarly, Mr. Crowe did not contest the authenticity of the EEOC charge or otherwise deny that he filed the charge on the date shown on the charge—March 10, 2024. Dkt. 16.[3] The Court therefore accepts as true F&C's assertion that the charge was filed on the date it says it was filed, March 10, 2024.

---

[3] Mr. Crowe filed "Supporting Documents," which the Court construes as a response brief.

As Mr. Crowe's EEOC charge was filed on March 10, 2024, anything that occurred more than 180 days prior to that date—or before September 12, 2023—is time-barred. 29 U.S.C. § 626(d). His ADEA claim based on asking about the open property manager position in July 2023, and learning he was not selected for the position in August, is therefore time-barred. *See Chakonas v. City of Chicago*, 42 F.3d 1132, 1136 (7th Cir. 1994) (affirming dismissal of ADEA claim as time-barred). Consequently, Mr. Crowe's ADEA failure-to-promote claim must be **DISMISSED**.

**B. Fair Housing Act retaliation claim**

The FHA prohibits discrimination on the basis of race, color, religion, sex, handicap, familial status, or national origin in buying, selling, or renting housing. 42 U.S.C. §§ 3601–3619. It also makes it unlawful for employers to dismiss any employee for assisting a person seeking to buy or rent because of that person's membership in a protected class or to retaliate against a person for participating in an FHA proceeding or reporting a discriminatory housing practice. 42 U.S.C. § 3617; 24 C.F.R. § 100.400(c)(3), (5)–(6). The FHA defines "discriminatory housing practice" as practices which discriminate on the basis of the FHA's protected classes. 42 U.S.C. §§ 3602(f), 3604–3606, 3617.

"To prove retaliation, a plaintiff must show that: (1) [he] engaged in protected activity; (2) [he] suffered an adverse action; and (3) there was a causal connection between the two." *Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 868 (7th Cir. 2018). "Protected activity" is activity which is

6

protected by the statutory provisions of the FHA, including reporting discriminatory housing practices to a housing provider or other appropriate authority. *See Riley v. City of Kokomo*, 909 F.3d 182, 192 (7th Cir. 2018) ("[R]eporting apparent mismanagement is not equivalent to reporting a discriminatory housing practice" and is not protected activity under the FHA).

Here, Mr. Crowe claims that he was fired in retaliation for asking management about whether accepting a late rent payment for one tenant was permissible under the FHA. Dkt. 1 at 6; *see* dkt. 12-1 at 2, dkt. 16-1 at 2–8, 29. He does not allege, however, that he reported a discriminatory housing practice as defined by the FHA, or that the reason for the differential treatment was a tenant's race, color, religion, sex, handicap, familial status, or national origin. Instead, he asserted that the exception to the rent due date was made because "this person is friends with the owner." Dkt. 16-1 at 8. While Mr. Crowe was not obligated to "supply the specifics required at the summary-judgment stage," *Graham*, 8 F.4th at 627, the scant allegations in his complaint do not "allege 'enough details about the subject-matter of the case to present a story that holds together,'" *Bilek*, 8 F.4th at 586. Because Mr. Crowe has not alleged that he engaged in activity protected by the FHA, his retaliation claim must be **DISMISSED** for failure to state a claim.

## IV.
## Conclusion

Defendant's motion to dismiss is **GRANTED**. Dkt. [11]. Mr. Crowe shall have **through December 6, 2024**, to file an amended complaint, if he believes

7

it would not be futile.  *See, e.g.*, *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015).  Because Mr. Crowe's complaint must be dismissed, his pending motion for trial is **DENIED**. Dkt. [20].

**SO ORDERED.**

Date: 11/1/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT CROWE, JR.
4054 N. Drexel Ave.
Indianapolis, IN 46226

All electronically registered counsel